IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

IMAGO ENTERPRISES, INC.,

    Plaintiff,

v.                                                                                               CASE NO.:

AMERICAN ZURICH INSURANCE COMPANY,

    Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

1. This is an action for damages that exceeds Fifty Thousand Dollars ($50,000.00) exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, in consideration of a premium paid by Plaintiff, there was in full force and effect a certain property insurance policy issued by Defendant with a policy number of ER74009069 (Policy). A copy of the Policy is incorporated by reference as Plaintiff does not have a full copy of the Policy in Plaintiff's possession, custody, or control.

3. Accordingly, under the terms of the Policy, Defendant agreed to provide insurance coverage to Plaintiff's property against certain losses for both the actual cash value and replacement cost value.

4. Plaintiff's property is located at 13230 Linton Road, Fort Meyers, FL 33908 (Property).

5. On or about 09/28/2022, while the Policy was in full force and effect, the Property was damaged (Loss).

6. Promptly thereafter Plaintiff reported the Loss to Defendant.

**EXHIBIT 1-B**

7. Accordingly, Defendant assigned claim number 5630085567 to the Loss and investigated the Loss.

8. Subsequently, Defendant failed to adjust the Loss pursuant to the unambiguous terms of the Policy.

9. By failing to adjust the Loss pursuant to the unambiguous terms of the Policy, Defendant has materially breached the Policy by failing to pay the actual cash value and replacement cost value of the claim.

10. Plaintiff suffered and continues to suffer damages resulting from Defendant's material breach of the Policy.

11. All (a) conditions precedent and (b) conditions subsequent to the filing of this action have been satisfied or waived.

12. At least ten (10) business days prior to the filing of this lawsuit, pursuant to Fla. Stat. § 627.70152 Plaintiff sent a presuit settlement demand to Defendant.

13. Defendant failed to properly respond to said presuit settlement demand.

## COUNT I – BREACH OF CONTRACT

14. Plaintiff reincorporates paragraphs one (1) through thirteen (13) in Count I.

15. By failing to adjust the Loss pursuant to the unambiguous terms of the Policy and by failing to properly respond to said presuit settlement demand, Defendant has materially breached the Policy.

16. Plaintiff suffered, and continues to suffer, damages resulting from Defendant's material breach of the Policy.

17. Plaintiff was obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant for damages, plus interest, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

### COUNT II – PETITION FOR DECLARATORY RELIEF

1. Plaintiffs reincorporate paragraphs one (1) through thirteen (13) in Count II.
2. This is a first party action for property insurance benefits to which Florida law applies.
3. The State of Florida has enacted multiple rounds of new legislation in 2021 and 2022, more specifically Florida Senate Bill 76, Florida Senate Bill 2A, Florida Senate Bill 2D and Florida Senate Bill 4D, all of which seek to regulate, in part, first party lawsuits for property insurance benefits.
4. Collectively, the new statutes and the amendments therein create a multitude of changes to the way first party property lawsuits shall be litigated, including but not limited to new conditions precedent to the filing of a first party action for property insurance benefits, placing restrictions and limitations on an insured's right to recover attorney's fees, and placing requirements upon the carrier for timely investigating and making coverage determinations on claims.
5. Previously, the Florida Supreme Court held where the legislature passes new legislation changing an insured's substantive rights, such legislation may only apply prospectively to insurance policies issued after the effective date of the legislation (even where the

legislature expressed an intent for their legislation to apply retroactively). See Menendez v. Progressive Exp. Ins. Co., Inc., 35 So. 3d 873, 878 (Fla. 2010).

6. Plaintiffs believe, but are in doubt, that the changes in Florida Senate Bill 76, Florida Senate Bill 2A, Florida Senate Bill 2D and Florida Senate Bill 4D do not apply in this action.

7. Upon information and belief, the Defendant believes that certain changes in Florida Senate Bill 76, Florida Senate Bill 2A, Florida Senate Bill 2D and Florida Senate Bill 4D do apply in this action.

8. Therefore, there is a bona fide dispute between the parties regarding what changes apply in this action and what changes do not.

9. Whether or not certain changes in these Statutes apply to Plaintiff's claim creates a justiciable question as to the existence or non-existence of some right, status, immunity, power, privilege, or some fact upon which their existence may depend.

10. There exists a bona fide, actual, and present need for the declaration accordingly.

11. In this action, Plaintiffs retained the undersigned attorneys, in part, to determine Plaintiffs' rights as potentially modified by Florida Senate Bill 76, Florida Senate Bill 2A, Florida Senate Bill 2D and Florida Senate Bill 4D and against the Defendant, therefore Plaintiff demands Plaintiffs' reasonable attorney's fees are paid pursuant Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter declaratory judgment against Defendant determining that the changes in the law established by Florida Senate Bill 76, Florida Senate Bill 2A, Florida Senate Bill 2D and Florida Senate Bill 4D do not apply to this action and for Plaintiffs' reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as a matter of right.

Dated: September 21st , 2023.

                                            Respectfully submitted,

By:    /s/ Kevin Weisser
          KEVIN WEISSER
          Florida Bar No: 98828
          WEISSER ELAZAR & KANTOR, PLLC
          Attorneys for Plaintiff
          800 East Broward Boulevard, Suite 510
          Fort Lauderdale, FL 33301
          T: (954) 486-2623
          F: (954) 572-8695
          Email: KW@WEKLaw.com
                  JK@WEKLaw.com
                  Service@WEKLaw.com